**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

VOXPATH RS, LLC,

    Plaintiff,

vs.

LG ELECTRONICS U.S.A., INC., et al.,

    Defendants.

No. MC 13-004-TUC-CKJ

**ORDER**

Pending before the Court is the Motion to Compel Mr. Masud Mansuripur's Compliance with Their Subpoena Dated December 13, 2012 (Doc. 1). A response and a reply have been filed.

*Procedural History*

Plaintiff Voxpath RS, LLC ("Voxpath"), filed an action in the United States District Court for the District of New Jersey against multiple defendants, including Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. ("Samsung"), in 12CV952 (DMC) (JAD).

Samsung asserts Voxpath submitted a 60 page declaration, including exhibits, of Masud Mansuripur "in support of Voxpath's responsive claim construction brief but then refused to acknowledge that Mansuripur was an expert and that Defendants were entitled to

any discovery from Mansuripur." Motion, p. 2. On January 3, 2013, Samsung served a subpoena issued out of the District Court of Arizona on Mansuripur. Samsung asserts the subpoena commanded Mansuripur to appear for deposition and to produce documents for inspection and copying. *See* Motion, Ex. 2, Doc. 1-4. According to Samsung, Mansuripur responded that "Samsung had no right to subpoena Mansuripur because the District of New Jersey's Local Patent Rules (L.Civ.R. 9.3) do not state when a party can depose an expert who only submitted a declaration in support of a responsive claim construction brief." Motion, p. 6, *citing* Motion, Ex. 4, Doc. 1-6, 12/20/12 Email from A. Weiss to J. Lukas.[1] Mansuripur asserts Samsung, in seeking to open expert discovery early, refused to provide a substantive response to Samsung's authority. Samsung asserts that discovery is open, Mansuripur submitted a declaration to the Court on behalf of Voxpath. and Fed.R.Civ.P. 45(a)(3) authorizes a subpoena.

Mansuripur served Objections and Responses to Samsung's Subpoena – the response to each request was that "Mansuripur believes that Samsung is in possession of all responsive, non-privileged documents." Motion, Doc. 1, p. 7. Samsung asserts it was advised Mansuripur was not available for deposition on the noticed date. Mansuripur asserts he has responded to the subpoena, he has made himself available for deposition, and Samsung has not yet taken advantage of Mansuripur's availability for deposition. Samsung asserts Voxpath and Mansuripur have not responded to Samsung's efforts to communicate regarding the dispute and have refused to meet and confer regarding the dispute.

Samsung filed the pending Motion to Compel Mr. Masud Mansuripur's Compliance with Their Subpoena Dated December 13, 2012, on March 1, 2013. The parties sought, and

---

[1] Generally, a non-party's failure "to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D.Cal. 2005). The Court will accept Voxpath's objections on behalf of Mansuripur.

obtained, multiple extensions of time to complete briefing in this matter based on the assertion the out-of-state litigation may be resolved.

*Transfer to District of New Jersey*

Samsung proposes a possible transfer of this issue to the District of New Jersey as the site of the underlying litigation. Mansuripur agrees such a transfer may be appropriate. Response, Doc. 22, p. 2, n. 3. However, Fed.R.Civ.P. 45(c)(3)(A) provides that "the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or ... subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iii)-(iv). The Ninth Circuit Court of Appeals has determined that only the issuing court may quash a subpoena. *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011). The court explicitly addressed the possibility of transferring motions to quash and held that the "court that issued the subpoena . . . not the court where the underlying action is pending [is the only court that] can entertain a motion to quash or modify a subpoena." *Id.* This Court, therefore, declines to transfer this matter to the District of New Jersey.[2]

*Discovery Principles*

Disclosure of specified information must be provided as set forth in Fed.R.Civ.P. 26(a)(1). Moreover, discovery in civil cases is permitted as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery

---

[2] The proposed amended Fed.R.Civ.P. 45(a)(2) provides a subpoena must issue from the court where an action is pending. *See* http://www.uscourts.gov/RulesAndPolicies/rules.aspx; *see also Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir.2002) (taking judicial notice of information from FDIC's official website).

>appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed.R.Civ.P. 26(b)(1). Furthermore, Rule 26 permits the discovery of information which may relate "to the *credibility* of a witness or other evidence in the case[.]" Schwarzer, Tashima & Wagstaff, *Federal Civil Procedure Before Trial* § 11.624. One purpose of discovery is to "reveal what evidence the opposing party has, thereby helping determine which facts are undisputed – perhaps paving the way for a summary judgment motion – and which facts must be resolved at trial." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004). Indeed, "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants . . . Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues . . ." *Burlington Northern & Santa Fe Ry. Co. v. United States*, 408 F.3d 1142, 1148-49 (9th Cir. 2005), *citation omitted.*

Additionally, the "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules." Fed.R.Civ.P. 45, Advisory Committee Notes (1970); *see also, Exxon Shipping Co v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (applying both Rule 26 and Rule 45 standards to rule on a motion to quash subpoena). However, the Court must quash a subpoena when the Court finds that answering the subpoena (1) will disclose privileged or protected information, (2) will not invoke an exception or waiver of the privilege, and (3) will unduly burden the party subject to the subpoena. Fed.R.Civ.P. 45(c)(3)(A)(iii)-(iv); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad"). An objecting party must state specifically how, despite the broad and liberal construction of the discovery rules, each question is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Klein v. AIG Trading Group, Inc.*, 228 F.R.D. 418, 422 (D.Conn. 2005); *see also Doyle v. F.B.I.*, 722 F.3d 554 (9th Cir. 1983) (generalized

- 4 -

allegations are insufficient to establish an exemption from disclosure). A subpoena is sufficiently limited and specific in its directive where compliance to its terms would not be unreasonably burdensome. *United States v. Palmer*, 536 F.2d 1278, 1282 (9th Cir. 1976).

*Privileged Communications*

Mansuripur asserts it has provided all responsive non-privileged documents. In other words, the dispute between the parties is whether Mansuripur should be compelled to produce documents for which Mansuripur claims are subject to either attorney-expert communications or the work-product doctrine. Samsung asserts Mansuripur should be compelled to produce the documents, while Mansuripur asserts the request should be denied or he should be ordered to provided a privilege log.

In support of its argument that Mansuripur waived privileges, Samsung asserts Mansuripur failed to provide a detailed privilege log by January 21, 2013, as requested by Samsung. Mansuripur does not dispute this assertion. Generally, failure to serve timely objections waives all grounds for objection. The Second Circuit held:

> Rule 45(c) (2)(B) [ ] require[s] the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a "game." We ... believe that [Rule 45](d)(2) contains additional requirements for a claim of privilege not alternative ones. While we are mindful that "the investment of time necessary to review all responsive documents for privileged material ... does not lend itself to the limited fourteen (14) day time period ...," a person responding to a subpoena should at least assert any privileges within the 14 days provided in Rule 45(c)(2)(B). A full privilege log may follow "within a reasonable time," or if more time is needed an extension may be sought from the trial court.

*In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2nd Cir. 1998), *citations omitted*. In other words, a nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection has been waived. *In re DG Acquisition Corp.*, 151 F.3d at 81 (privilege against self-incrimination waived by delay); *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M.1998) ("By failing to object within the time permitted by the Federal Rules, [the nonparty] has waived the right to object.).

- 5 -

Here, it appears Mansuripur timely objected to the subpoena and asserts privileges in those objections.[3] However, Mansuripur has not subsequently provided a privilege log. Unlike the court presiding over the underlying litigation, this Court is not aware of whether discovery was informally stalled during settlement discussions. However, even if it was, Mansuripur has still not provided a privilege log. Similarly, Mansuripur could have sought a protective order but did not. Indeed, although Mansuripur asserts he sought to cooperate with disclosure by making himself available for deposition, he does not dispute Samsung's allegation that Samsung requested alternate deposition dates and Mansuripur did not respond to that request.

However, in "unusual circumstances and for good cause," the failure to timely act will not bar consideration of objections to a Rule 45 subpoena. *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D.Cal.2002). "Courts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *Id.*

Here, Samsung requested that Mansuripur provide:

2. All correspondence with Plaintiff, Plaintiff's counsel and/or any third party relating to the Mansuripur Declaration and/or the opinions presented therein.

Subpoena, Doc. 1-5, Requests for Documents. Communications between a party's attorney and an expert "who is required to provide an expert witness report under Rule 26(a)(2)(B) (i.e., expert retained or specially employed to testify) are protected as qualified attorney work product[.]" Schwarzer, § 11:377.4. Although an exception to this principle exists as to facts or data provided by an attorney, *id.*, at § 11:378.5, Samsung made no effort to limit its

---

[3] It is evident from the implications of Samsung's requests that fully complying with the requests may implicate the attorney-client privilege or work-product doctrine. *See generally Davis v. Fendler*, 650 F.2d 1154 (9th Cir. 1981) (in discussing privilege of self-incrimination, court determined specificity may not be needed if implications are evident).

- 6 -

request. The Court finds Samsung's request was overbroad and exceeded the bounds of fair discovery.

Further, although Mansuripur has not provided a privilege log for nine months, the Court cannot say that Mansuripur has acted in bad faith because, apparently good faith settlement negotiations were ongoing for most of that time. Mansuripur did respond to the subpoena, did assert a privilege claim, and did not refuse to appear for a deposition. As to whether counsel for the witness and counsel for the subpoenaing party were in contact concerning Mansuripur's compliance with the subpoena, the Court is again hampered by not knowing to what extent discovery proceeded during settlement negotiations. In light of these considerations, the Court does not find it appropriate to find Mansuripur has waived his claim to privileges. *See* Schwarzer, § 11:377, *emphasis in original* ("Disclosure of attorney-expert communications should *rarely* be ordered.").

The Court, therefore, will direct Mansuripur to comply with the subpoena and to provide a privilege log to Samsung for those subpoenaed items for which Mansuripur asserts a privilege. However, Mansuripur may not assert a privilege as to material considered by Mansuripur that contains factual ingredients:

> Rule 26(a)(2)(B)(ii) was amended in 2010 "to provide that disclosure include all 'facts or date (sic) considered by the witness in forming' the opinions to be offered, rather than the "data or other information" disclosure prescribed in 1993." See Adv. Comm. Notes (2010 Amendments to Subdivision (a)(2)(B)). The amendment was specifically intended to "alter the outcome in cases that relied on the 1993 formulation in requiring the disclosure of all attorney-expert communications and draft reports." *Id*. Importantly, the intention remained that the term "facts or data be interpreted broadly to require disclosure of material considered by the expert, from whatever source, that contains factual ingredients." *Id*.

*Great–West Life & Annuity Insurance Co. v. American Economy Insurance Co.*, No. 2:11–cv–02082–APG–CWH, 2013 WL 5332410 * 16 (D.Nev. 2013). Further, Mansuripur may not assert a privilege as to expert compensation or assumptions counsel provided to the expert and that the expert relied upon in forming his or her opinions. *Gerke v. Travelers Cas. Ins.Co. of Armerica*, 289 F.R.D. 316, 316 (D.Ore. 2013), *citing* Adv. Comm. Notes (2010 Amendments to Subdivision (b)(4).

*Other Objections*

As to Samsung's Sixth Request (including publications), Mansuripur objected to the extent the request seeks documents that are publically available and equally available to Samsung as to Mansuripur. The Court will sustain this objection as to documents that are publically and readily available to Samsung.

In responding to the subpoena, Mansuripur set forth general objections that the requests were overly broad and unduly burdensome. "[I]t is well-settled that all grounds for objection must be stated with specificity." *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005). In his response to the Motion to Compel, Mansuripur makes this objection with specificity as to Requests 5, 6, and 8. Those requests seek:

> 5. All documents, including but not limited to the publications listed in Exhibit B of the Mansuripur Declaration, that form the basis for your "general knowledge and understanding" as that term is used in Exhibit A of the Mansuripur Declaration.
>
> 6. All documents, including but not limited to the patents and/or publications listed in Exhibit B of the Mansuripur Declaration, that support or rebut the opinions presented in the Mansuripur Declaration.
>
> 8. All documents relating to your prior opinions on patent claim construction, infringement, non-infringement, validity, or invalidity concerning the same or similar technology as the technology disclosed in the Patents-in-Suit.

Motion to Compel, Ex. 2, Doc. 1-4. However, Mansuripur does not provide any reason why he did not make the objections with specificity in his response to the subpoena.

As with the privilege log, unusual circumstances may warrant a finding Mansuripur did not waive the objections. Indeed, in reviewing these requests, it is clear that there is no temporal requirement as to the requests and the requests seek information that may not have affected Mansuripur's opinion (e.g., a thirty-year old document that may rebut Mansuripur's opinion is not likely to have affected his opinion). The Court finds the subpoena is overbroad on its face and exceeds the bounds of fair discovery. The Court will direct Samsung to narrow these requests, with possible follow-up by this Court. Mansuripur shall comply with requests of the narrowed subpoena.

- 8 -

*Conclusion*

The Court finds Mansuripur must comply with the subpoena, but will be allowed to assert a privilege. The Court will direct Mansuripur to provide a privilege log. Additionally, Mansuripur need to provide publically available documents.

Lastly, Samsung shall narrow the requests set forth in requests 5,6, and 8. Mansuripur shall comply with these requests. In the event the parties are unable to determine whether the narrowed requests shall be complied with, the parties may seek further review by the Court.

Accordingly, IT IS ORDERED:

1. The Motion to Compel Mr. Masud Mansuripur's Compliance with Their Subpoena Dated December 13, 2012 (Doc. 1) is GRANTED IN PART AND DENIED IN PART.

2. Mansuripur shall provide a privilege log to Samsung within 20 days of the date of this Order. Mansuripur need not provide privileged documents, as discussed herein, to Samsung.

3. Mansuripur need not provide documents, as requested in the subpoena, that are publically and readily available to Samsung.

4. Mansuripur shall produce and identify all documents in his possession, custody or control subject to the Subpoena requests 1, 2, 3, 4, and 7 within 20 days of the date of this Order.

5. Samsung shall provide narrowed requests as to Subpoena requests 5, 6, and 8 to Mansuripur within 20 days of the date of this Order.

6. The parties and Mansuripur shall in good faith seek to resolve any disputes as to the modified subpoena requests. *See e.g.* LRCiv 7.2; N.J.L.R.Civ. 37.1. In the event the parties and Mansuripur are unable to determine whether the narrowed requests shall be complied with, further review by the Court may be sought. In the event no further review

1  or extension is requested by December 31, 2013, the Clerk of Court shall close its file in this
2  matter without further notice to the parties.

3      7.    The deposition of Mansuripur shall be scheduled forthwith.

4  DATED this 22nd day of October, 2013.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge

- 10 -